UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

WALLACE GILPIN,

    Plaintiff,

v.

GREGORY F JONES,

    Defendant.

CASE NO. 2:16-CV-01677-RBL-DWC

REPORT AND RECOMMENDATION

Noting Date: December 22, 2017

The District Court referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Presently pending before the Court is Defendant Gregory F. Jones' Motion for Summary Judgment ("Motion"). Dkt. 23. The Court concludes Plaintiff failed to administratively exhaust his claim. Accordingly, the Court recommends the Motion be granted.

**I.**     **Background**

Plaintiff Wallace Gilpin, an inmate housed at the Stafford Creek Corrections Center ("SCCC"), alleges Defendant violated his Fourteenth Amendment rights. Dkt. 6. Plaintiff contends he is disabled and Defendant Jones treats him differently than non-disabled prisoners. *Id*. He alleges he is required to work a full six-hour shift, but Defendant Jones allows non-disabled prisoners to work part of their shift and be paid for the full shift. *Id*.

Defendant filed the Motion on September 25, 2017. Dkt. 23. In support of the Motion, Defendant submitted the following: (1) declarations of Defendant Gregory Jones, Defendant's counsel Garth Ahearn, and Dale Caldwell; (2) Department of Corrections (DOC) SCCC policy 700.100; (3) excerpts from Plaintiff's deposition; (4) Plaintiff's responses to Defendant's Interrogatory No. 1; (5) DOC policy 550.100; (6) DOC's Offender Grievance Program Manual; and (7) copies of Plaintiff's relevant grievances. *See* Dkt. 24-26. On October 20, 2017, Defendant filed a Reply. Dkt. 28-29. Plaintiff then filed a Response to the Motion on October 24, 2017. Dkt. 30. Following Plaintiff's Response, Defendant filed a second Reply and Plaintiff filed a Surreply. Dkt. 31, 32. While Plaintiff did not submit any evidence to the Court in his Responses, his Complaint was signed under penalty of perjury and is being considered as evidence. *See* Dkt. 6.[1]

## II. Motion to Strike

Defendant requests the Court strike Plaintiff's Response because it was untimely filed. Dkt. 31. Plaintiff's response to the Motion was due on October 16, 2017. *See* Local Rule 7(d)(3). Plaintiff did not file his Response until October 24, 2017, eight days after a response was due and four days after the Motion became ready for the Court's consideration. *See* Dkt. 30. Plaintiff has not provided an explanation for the late filing. *See* Dkt. 30, 32. The Court, however, finds Defendant is not prejudiced if the Court considers the late Response. Therefore, the Court will consider the belatedly-filed Response. *See Harris v. Extendicare Homes, Inc.*, 829 F. Supp. 2d 1023, 1027 (W.D. Wash. 2011). The Court will also consider Defendant's second Reply because Plaintiff's Response was filed after Defendant's Reply was due.

---

[1] Because Plaintiff is *pro se*, the Court "must consider as evidence in his opposition to summary judgment all of [Plaintiff's] contentions offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [Plaintiff] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Plaintiff filed a Surreply on November 7, 2017. Dkt. 32. Pursuant to Local Civil Rule 7(g)(2), surreplies are limited to requests to strike material contained in or attached to a reply brief. "Extraneous argument or a surreply filed for any other reason will not be considered." *Id*; *see also Herrnandez v. Stryker Corp.*, 2015 WL 11714363, at *2 (W.D. Wash. Mar. 13, 2015). As surreplies are not considered by this Court, Plaintiff's Surreply (Dkt. 32) is stricken and will not be considered in ruling on the Motion.

### III. Standard of Review

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, "the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A party asserting a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). All facts and reasonable inferences drawn therefrom must be viewed in the light most favorable to the nonmoving party. *Furnace v. Sullivan*, 705 F.3d 1021, 1026 (9th Cir. 2013) (*citing Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011); *Tarin v. County of Los Angeles*, 123 F.3d 1259, 1263 (9th Cir.1997).

As the party moving for summary judgment, Defendant has the initial burden to demonstrate no genuine issue of material fact remains in this case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010). The movant "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying those portions of the record, including pleadings, discovery materials, and

affidavits, "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Mere disagreement or the bald assertion stating a genuine issue of material fact exists does not preclude summary judgment. *California Architectural Building Products, Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Electrical Serv., Inc. v. Pacific Electrical Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

Mere "[d]isputes over irrelevant or unnecessary facts," therefore, "will not preclude a grant of summary judgment." *Id.* Rather, the nonmoving party "must produce at least some 'significant probative evidence tending to support the complaint.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 290 (1986)); *see also California Architectural Building Products, Inc.*, 818 F.2d at 1468 ("No longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."). In other words, the purpose of summary judgment "is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888 (1990). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it." Fed R. Civ. P. 56(e)(3).

**IV. Discussion**

Defendant alleges Plaintiff failed to exhaust the administrative remedies available to him. Dkt. 23. The Court agrees.

A. Legal Standard

Before a prisoner may bring a civil rights action under 42 U.S.C. § 1983, he must first exhaust all available administrative remedies. Under the Prison Litigation Reform Act of 1995 ("PLRA"),

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion in cases covered by § 1997e(a) is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). The mere fact a plaintiff has filed an initial grievance under a prison's grievance policy does not satisfy the PLRA exhaustion requirement; a plaintiff must exhaust *all* levels of an available grievance procedure before he can initiate litigation. *See id.* at 736-41; *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is still a prerequisite to suit. *Booth*, 532 U.S. at 741. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Failure to exhaust administrative remedies is properly brought as a summary judgment motion. *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014). Once the defendant proves there was an available administrative remedy and the offender failed to exhaust the available remedy, the burden shifts to the plaintiff. The plaintiff must show there was something about his particular claim which made the "existing and generally available administrative remedies effectively unavailable to him." *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (*citing Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

B. <u>Application</u>

Defendant's evidence shows prisoners in the custody of the Washington State DOC may file administrative grievances pertaining to several routine matters, including conditions of confinement, conduct of staff, or retaliatory conduct. Dkt. 26, Caldwell Dec, ¶ 4; Dkt. 26-2, p. 10. Prisoners may also file emergency grievances when there is a potentially serious threat to the life or health of an inmate or staff member, or involve a potential threat to the orderly operation of a facility. Dkt. 26-2, p. 8. Under DOC policy, the grievance procedure consists of four levels of review. Dkt. 26, Caldwell Dec., ¶ 6. Both routine and emergency grievances are initially filed at Level 0. *Id*. At Level 0, the facility's "grievance coordinator pursues informal resolution, returns the complaint to the offender for rewriting, returns the complaint to the offender requesting additional information, or accepts the complaint and processes it as a formal grievance." *Id*. After satisfactory review of the informal grievance at Level 0, the grievance coordinator accepts routine and emergency grievances as formal grievances at Level I and complaints alleging staff misconduct at Level II. *Id*.

If the grievance proceeds beyond Level 0, the grievance coordinator issues a formal response at Level I. *Id*.; Dkt. 26-2, p. 19. A prisoner may appeal the denial of either a routine or emergency grievance to the superintendent of the facility at Level II. Dkt. 26, Caldwell Dec., ¶ 6; Dkt. 26-2, p. 19. "Inmates may appeal all Level II responses to DOC headquarters in Tumwater, where they are re-investigated" at Level III. Dkt. 26, Caldwell Dec., ¶ 6. Level III is the final level of review. *See id*.

Here, evidence shows Plaintiff has filed over 217 grievances, two of which are related to the allegations in the Complaint. Dkt. 26, Caldwell Dec., ¶¶ 9-10. On March 31, 2016, Plaintiff filed a grievance complaining that Defendant Jones discriminated against him. *Id*. at ¶¶ 10-11; Dkt.

26-3, p. 2. Plaintiff withdrew the grievance, stating, "I did not file this complaint." Dkt. 26-3, p. 2; Dkt. 26, Caldwell Dec., ¶ 11. The grievance was therefore not properly exhausted through the grievance process. Dkt. 26, Caldwell Dec., ¶ 11.

Plaintiff filed the second grievance on November 3, 2016, complaining Defendant Jones was discriminating against him and paying prisoners for hours they did not work. Id. at ¶ 12; Dkt. 26- 4, p. 6. The Level I grievance was resolved in favor of the DOC. Dkt. 26, Caldwell Dec., ¶ 12; Dkt. 26-4, p. 5. Plaintiff attempted to appeal the grievance to Level II. Dkt. 26, Caldwell Dec., ¶ 12. Plaintiff was instructed to re-write his grievance on November 22, 2016 and November 28, 2016 because he changed his complaint and was not grieving about the relevant time period. *See id.*; Dkt. 26-4, pp. 3-4. On December 6, 2016, the grievance was administratively withdrawn because Plaintiff "refused to follow rewrite instructions from 11/21, 11/28, 12/1." Dkt. 26-4, p. 2; Dkt. 26, Caldwell Dec., ¶ 12. "Since the matter did not proceed past Level I, [Plaintiff] failed to exhaust the grievance process as to th[is] grievance." Dkt. 26, Caldwell Dec., ¶ 12.

Based on the evidence, the Court finds Defendant has carried the initial burden of showing the absence of exhaustion in this case. The undisputed evidence presented by Defendant shows there was a grievance procedure in place at the time of the incident complained of in the Complaint. Plaintiff was aware of the grievance process and participated in the grievance process while housed at SCCC. Plaintiff, however, did not complete the grievance process for the claim alleged in his Complaint.

The burden now shifts to Plaintiff, "who must show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747

F.3d at 1172). Acts by prison officials preventing the exhaustion of administrative remedies may make administrative remedies effectively unavailable. *See Nunez v. Duncan*, 591 F.2d 1217, 1224-25 (9th Cir. 2010). "The ultimate burden of proof, however, remains with the defendants," and the evidence must be viewed in the light most favorable to the plaintiff. *Paramo*, 775 F.3d at 1191 (citing *Albino*, 747 F.3d at 1172). The Supreme Court recently held there are three circumstances in which an administrative remedy is not capable of potential relief:

> First, an administrative procedure is unavailable when it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use—i.e., some mechanism exists to provide relief, but no ordinary prisoner can navigate it. And finally, a grievance process is rendered unavailable when prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation.

*Ross v. Blake,* 136 S. Ct. 1850, 1853–1854 (2016).

In his sworn Complaint, Plaintiff states a grievance worker refused to process his Level III complaint and threatened to place him in "the hole" and fire him from his job. Dkt. 6, p. 5. In his unsworn Response to the Motion, Plaintiff states he was denied due process on his grievance; therefore it was exhausted. Dkt. 30. Plaintiff's conclusory allegations fail to show he was unable to properly exhaust the grievance process at SCCC. Plaintiff contends a prison employee refused to process his Level III grievance; however, Plaintiff does not assert the grievance was related to the claim alleged in this case. Additionally, the unrefuted evidence shows Plaintiff never reached Level II in grieving the claim alleged in this case. *See* Dkt. 26, Caldwell Dec., ¶¶ 11-12; Dkt. 26-3, 26-4. Further, Plaintiff's unsworn conclusory statement that he was denied due process does not overcome Defendant's evidence showing that Plaintiff failed to exhaust the administrative remedies available to him and that the grievance process was available to and utilized by Plaintiff.

1  As Plaintiff did not fully follow the proper grievance procedures available at SCCC, he has not overcome Defendant's showing that he failed to exhaust administrative remedies available to him. Therefore, the Court concludes Plaintiff failed to properly exhaust the claim alleged in the Complaint and the Complaint should be dismissed without prejudice.[2] *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino,* 747 F.3d at 1162. Accordingly, the Court recommends the Motion be granted.[3]

### V. Conclusion

For the above stated reasons, the Court recommends Defendant's Motion for Summary Judgment be granted and this case be closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on December 22, 2017, as noted in the caption.

Dated this 1st day of December, 2017.

David W. Christel
United States Magistrate Judge

---

[2] To the extent Plaintiff is attempting to raise an Americans with Disabilities Act ("ADA") claim because of the alleged discrimination, this claim must also be dismissed for failure to exhaust. *See* Dkt. 23; *O'Guinn v. Lovelock Correctional Center*, 502 F.3d 1056, 1061-62 (9th Cir. 2007) (holding PLRA exhaustion is required for ADA claims).

[3] As the Court finds Plaintiff has failed to exhaust the administrative remedies available to him, the Court declines to consider Defendant's remaining arguments presented in the Motion. *See* Dkt. 23.